UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SNAP LOCK INDUSTRIES, INC.,<br><br>  Plaintiff/Counter- Defendant,<br>v.<br><br>SWISSTRAX CORPORATION,<br><br>  Defendant/Counter-Claimant. | Case No. 2:17-cv-02742-RFB-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – ECF No. 80) |

This matter is before the court on Plaintiff Snap Lock Industries, Inc.'s ("Snap Lock") Motion for Leave to File Under Seal (ECF No. 80). This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

The motion seeks leave to file under seal Exhibits 4 and 6 to the parties' Supplemental Joint Status Report (ECF No. 79). These documents are attached to the motion as Exhibits A and B. Sealed Exhibits (ECF No. 80-1, 80-2). Snap Lock filed these exhibits under seal because counsel for Swisstrax designated them as Attorneys Eyes Only information pursuant to the stipulated Protective Order (ECF No. 69). Snap Lock has no objection to these documents being filed under seal.

A party who designates documents confidential is required to meet the standards articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), to overcome the presumption of public access to judicial files, records, motions, and any exhibits. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the documents' relevance to the substantive merits of a case—not on the relief sought).[1] Under *Kamakana* and its progeny, a party must make a particularized

---

[1] Only those portions of a filing that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, should be filed under seal. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

1

showing to overcome the presumption of public accessibility. The mere fact that one party designated information as confidential under a protective order does not satisfy this standard. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003).

Stipulated protective orders typically require the parties to file certain documents under seal when they contain confidential or otherwise sensitive business information. *IMAX Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1168 n.9 (9th Cir. 1998) (noting that the "parties stipulated to a comprehensive protective order" requiring all confidential information to be filed under seal); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (observing that it is common in business litigation for parties to seek a stipulated protective order addressing confidential business information). However, such orders alone do not justify sealing court records. *See, e.g.*, *Foltz*, 331 F.3d at 1133 (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective orders," and noting they often "purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)").

Because a blanket protective order does not contain a particularized finding to keep any specific document confidential, the mere fact that a court has entered a blanket protective order, and that a party has designated a document confidential pursuant to that protective order, does not establish cause for sealing a particular document. *Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 475–76. The party designating any document as confidential must submit a memorandum of points and authorities presenting articulable facts that identify the interests in favor of the

---

F.3d 1122, 1137 (9th Cir. 2003). The remainder of the filing and other exhibits that do not contain confidential information must be filed as publicly-accessible documents. *Id*. Here, Snap Lock narrowly tailored their request because sealing is only requested for two of 14 exhibits to the Supplemental Joint Status Report (ECF No. 79). However, the sealing motion itself was filed under seal when it does not contain any confidential information. Accordingly, the Clerk of Court will be directed to unseal the motion.

document's continued secrecy and showing that those specific interests outweigh the public's interests in transparency. *Id*.

The parties may not simply rely on the Stipulated Protective Order (ECF No. 69) to justify sealing documents filed in the record. The court entered the stipulated protective order to facilitate discovery disclosures. The parties did not show, and the court did not find that any specific document was secret, confidential, or entitled to be filed under seal. The court appreciates that the sealing motion was filed to comply with Snap Lock's counsel's obligation to abide by the stipulated protective order. However, the court has not determined that good cause to seal exists based upon entry of the stipulated protective order. Entry of a blanket proactive order does not establish good cause. The exhibits will not be maintained under seal simply because Swisstrax designated them as Attorneys Eyes Only information pursuant to the stipulated Protective Order.

The court will allow the Swisstrax's exhibits to remain sealed so counsel may determine which, if any, exhibits or portions thereof should remain sealed. As the party who designated the documents confidential, Swisstrax is required to meet the standards articulated in *Kamakana* and its progeny. If Swisstrax determines that the exhibits should remain sealed, Swisstrax is required to file an appropriate memorandum of points and authorities on or before **October 23, 2018**, making a particularized showing why the documents should remain under seal. If Swisstrax determines that only a portion of an exhibit warrants sealing, Swisstrax must file a redacted version along with its memorandum of points and authorities. Pursuant to *Kamakana* and its progeny, any memorandum of points and authorities or motion to file under seal must set forth either good cause or compelling reasons to support the sealing request.

Accordingly,

**IT IS ORDERED:**

1. With respect to filing documents under seal, the parties must comply with: (i) the Local Rules of Practice regarding electronic filing and filing under seal, (ii) the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, and (iii) the appropriate CM/ECF filing procedures.

2. The Clerk of the Court is instructed to UNSEAL Snap Lock Industries, Inc.'s Motion for Leave to File Under Seal (ECF No. 80), ***but not the attached exhibits***.
3. The Exhibits (ECF No. 80-1, 80-2) attached to the Motion (ECF No. 80) shall remain under seal unless and until the court denies the motion or enters an order unsealing them.
4. Swisstrax shall have until **October 23, 2018**, to review the Exhibits (ECF No. 80-1, 80-2) and FILE either: (i) an appropriate memorandum of points and authorities indicating the exhibits should remain under seal, or (ii) a notice indicating that the exhibits do not require sealing.
5. To support any sealing request, the memorandum of points and authorities must make a *particularized* showing why the exhibit(s) or portion thereof should remain under seal. If only a portion of the exhibit(s) warrants sealing, the memorandum must attach a proposed redaction. The memorandum should also include a supporting declaration or affidavit, a proposed order granting the motion, and, if applicable, a redacted exhibit.
6. If no memorandum of points and authorities is timely filed in compliance with this Order, the Clerk of the Court will be directed to unseal the exhibits to make them available on the public docket.

Dated this 16th day of October 2018.

                                                                        PEGGY A. LEEN
                                                                        UNITED STATES MAGISTRATE JUDGE