# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SNAP LOCK INDUSTRIES, INC., | Case No. 2:17-cv-02742-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| SWISSTRAX CORPORATION, | |
| Defendants. | |

Presently before the court is Defendant's Motion to seal Exhibits 4 and 6 (ECF Nos. 97 and ECF 98 (sealed exhibits)) contained as part of the Steven A. Caloiaro's declaration in support of Defendant's Response to Plaintiff's Emergency Motion for Protective Order (ECF No. 96). In addition, Defendant filed a Motion to seal Exhibits E, F, G, H, and I (ECF Nos. 101 and ECF 103 (sealed exhibits)) contained as part of the Steven A. Caloiaro's declaration in support of Defendant's Motion to Compel (ECF No. 102).

Plaintiffs did not oppose either motion.

It is well-settled that the public has a right to copy and inspect judicial records in order to preserve "a measure of accountability" for federal courts and "for the public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). As a result, there is a strong presumption in favor of public accessibility, and a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." *Id.* To overcome this presumption, the party seeking to seal a document attached to a dispositive motion must articulate "compelling reasons" for sealing, supported by specific facts for each document. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). On the other hand, the Ninth Circuit has determined that the

public's interest in non-dispositive motions is lower and a party need only demonstrate "good cause" to justify sealing. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted).

Here, Plaintiff seeks to seal exhibits dealing with discovery matters, which are not dispositive of the case. As a result, the "good cause" standard applies. Defendant represents that pursuant to the protective order in place (ECF No. 69) the documents sought to remain under seal have been deemed by the parties as confidential and "for attorneys' eyes only." The court also finds that the public's interest in having access to these documents is minimal, as they are only tangentially related to the litigation. As such, the court finds that good cause exist why those exhibits should remain under seal and that these reasons outweigh the public policies favoring disclosure.

IT IS THEREFORE ORDERED that Defendant's Motions to Seal (ECF Nos. 97 and 101) are GRANTED.

IT IS FURTHER ORDERED that ECF Nos. 98 and 103 shall remain sealed.

DATED: December 13, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE