UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Snap Lock Industries, Inc., | Case No. 2:17-cv-02742-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Swisstrax Corporation, et al., | |
| Defendants. | |

Before the Court are two related motions. Defendant filed a motion for sanctions at ECF No. 188. Plaintiff responded at ECF No. 275, and Defendant replied at ECF No. 288. Then, Plaintiff filed a motion to strike Defendant's reply (ECF No. 288) at ECF No. 290. Defendant responded at ECF No. 296. Plaintiff did not reply. The Court will first address the motion to strike, followed by the motion for sanctions.

**I.     Plaintiff's Motion to Strike (ECF No. 290)**

Defendant filed its reply brief in support of its motion for sanctions on October 13, 2020. ECF No. 288. In its motion to strike, Plaintiff argues that this reply was either not permitted or untimely and should, therefore, be stricken.

The Court entered two orders regarding whether and when Defendant could file a reply brief in support of its motion for sanctions. ECF Nos. 196, 197 at 3. At ECF No. 196, the

1   undersigned ordered that no reply would be allowed; at ECF No. 197, the district judge ordered
2   that a reply was due by October 12, 2020. To clarify the two orders, the undersigned ordered that
3   the district judge's briefing schedule at ECF No. 197 would control regarding the motion for
4   sanctions. *See* ECF No. 200. Accordingly, October 12, 2020 was the deadline for Defendant to
5   file its reply brief.
6         Defendant filed its reply brief on October 13, 2020 because October 12, 2020 was a
7   federal holiday (Columbus Day). *See* ECF Nos. 288, 296. Under Federal Rule of Civil Procedure
8   6(a)(1)(C), Defendant was permitted to file its reply brief the day after this federal holiday.
9   Accordingly, Defendant's reply was not untimely, and ECF No. 290 will be denied.

10       **II.**    **Defendant's Motion for Spoliation Sanctions (ECF No. 188)**
11           **a.**    **Background**
12         Defendant asserts trademark infringement claims against Plaintiff in this case for alleged
13   infringement of Defendant's Diamondtread mark. ECF No. 45. In the motion before the Court,
14   Defendant moves for sanctions for spoliation of evidence related to this infringement. ECF No.
15   188. Defendant alleges that in 2017, Plaintiff edited multiple Facebook posts "to remove any
16   evidence that [Plaintiff] had improperly used the DIAMONDTREAD trademark." *Id.* at 2.
17         Plaintiff does not dispute that it edited these Facebook posts to modify the word
18   "Diamondtread." *See* ECF No. 275 at 8-9. Instead, Plaintiff explains that it did this because the
19   parties had a "gentlemen's agreement" to discuss any disagreements between the parties
20   regarding products or advertising prior to litigation. *Id.* Defendant sent an email to Plaintiff in
21   October of 2017 notifying it of a social media post that allegedly infringed Defendant's
22   Diamondtread mark. *Id.* at 7-8. In response, the same day, Plaintiff edited multiple Facebook
23   posts to eliminate the use of the Diamondtread mark. *Id.* at 8-9. The original and edited posts are
24   still publicly visible on Facebook. *Id.* at 9.
25         As a result of these edits, Defendant seeks sanctions for spoliation of evidence. Defendant
26   states that the Court can sanction parties under its inherent authority or Rule 37 of the Federal
27   Rules of Civil Procedure. *Id.* However, Defendant does not further discuss or analyze Rule 37; it
28

only analyzes whether sanctions should be imposed under the Court's inherent authority. ECF No. 188 at 4.

In response, Plaintiff argues that the Court does not have inherent authority to impose sanctions for spoliation of electronically stored evidence (ESI). ECF No. 275 at 13. Rather, Plaintiff argues, the Court may only impose sanctions under Federal Rule of Civil Procedure 37(e). *Id.*

In reply, Defendant strongly contests that the Court's power to sanction Plaintiff is limited to Rule 37(e) and, in fact, states that "Rule 37(e) does not apply[]" here. ECF No. 288 at 3-5. Defendant again argues that the Court can rely on its inherent authority to sanction Plaintiff in this context and should do so. *See id.* at 4-5, 9. Again, Defendant does not analyze whether sanctions are appropriate under Rule 37(e).

**b. Analysis**

Rule 37(e) of the Federal Rules of Civil Procedure discusses spoliation of ESI. The latest version, following the 2015 amendment, provides as follows:

> (e) FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

The comments to Rule 37(e) explain that the rule "authorizes and specifies measures a court may employ if information that should have been preserved is lost, and specifies the findings necessary to justify these measures." Fed. R. Civ. P. 37 Advisory Committee Notes to the 2015 Amendment.

The comments also explain that a court may only sanction a party under Rule 37(e) for destroying ESI; a court may not impose sanctions under its inherent authority. *Id.* (Rule 37(e)

"forecloses reliance on inherent authority or state law to determine when" sanctions should be imposed).

There does not appear to be any controlling United States Supreme Court or Ninth Circuit authority stating whether the 2015 amendments to Rule 37(e) prohibit courts from imposing sanctions for destruction of ESI based on their inherent authority. However, there is persuasive authority that says as much. An unpublished Ninth Circuit opinion recognized the limitation Rule 37(e) imposed on courts' inherent authority to sanction parties for destruction of ESI. In *Newberry v. City of San Bernardino*, 750 F. App'x 534, 537 (9th Cir. 2018), the Ninth Circuit explained that "[t]he parties framed the sanctions issue as invoking the district court's inherent authority" but "[t]he detailed language of Rule 37(e) . . . foreclose[d] reliance on inherent authority to determine whether terminating sanctions were appropriate." (internal quotations omitted).

District courts in the District of Nevada have recognized the same. *See, e.g.*, *Winecup Gamble, Inc. v. Gordon Ranch, LP*, No. 317CV00163RCJWGC, 2020 WL 3840420, at *3 n.1 (D. Nev. July 8, 2020) ("Defendant also moves for sanctions under the Court's inherent authority. However, the Advisory Committee Notes make clear that the 2015 amendment forecloses a court from imposing sanctions for spoliation of ESI under that basis."); *Indep. Techs., LLC v. Otodata Wireless Network, Inc.*, No. 320CV00072RJCCLB, 2020 WL 1433525, at *5 (D. Nev. Mar. 23, 2020) (Rule 37(e) "now provides the specific—and only—basis for sanctions for spoliation of ESI."); *Small v. Univ. Med. Ctr.*, No. 2:13-CV-0298-APG-PAL, 2018 WL 3795238, at *66 (D. Nev. Aug. 9, 2018) ("The 2015 amendment to Rule 37(e) now 'forecloses reliance on inherent authority or state law' to determine whether and what sanctions are appropriate for a party's loss of discoverable ESI.").

The Court is persuaded by all this persuasive authority and believes that if the Ninth Circuit were to take up the issue in a published opinion, it would find that Rule 37(e) limited the Court's inherent authority to sanction parties for spoliation of ESI. Accordingly, the Court does not believe that it has inherent authority to sanction Plaintiff for its alleged destruction of ESI.

Rather, the Court believes it only has the power to sanction Plaintiff under Rule 37(e) for spoliation of ESI.

Here, Defendant argues that Rule 37(e) does not apply for several reasons. ECF No. 288 at 3-5.

First, Defendant argues that Plaintiff's "social media posts are not the type of electronic evidence the 2015 amendments were designed to address." *Id.* at 4. This is so, according to Defendant, because the 2015 amendments were adopted to address the problem of the growing volume of ESI and the costs imposed on litigants to preserve this ESI to avoid sanctions. *Id.* at 3. Because preservation of Plaintiff's social media does not require excessive effort and money, Defendant argues that the 2015 amendments were not designed to address this situation. *Id.* at 4.

The Court agrees with Defendant's general recitation of why Rule 37(e) was amended in 2015 but does not agree that the Rule is inapplicable here.[1] The plain text of Rule 37(e) does not require a certain volume of ESI be at issue before the rule is applicable. Nor does it require that preservation of ESI require excessive effort or money before the rule applies. *See* Fed. R. Civ. P. 37(e).

Defendant also argues that because Plaintiff "*intentionally* altered and deleted evidence, Rule 37(e) does not apply." ECF No. 288 at 4. Defendant relies on several district court cases for this argument. *Id.* at 4-5.

The Court does not agree that Rule 37(e) does not apply when a party intentionally destroys or alters ESI. Admittedly, there appears to be a split in authority across district courts regarding whether Rule 37(e) applies when a party intentionally destroys evidence. Again, there

---

[1] The comments to Rule 37(e) provide that the prior version of the rule

> has not adequately addressed the serious problems resulting from the continued exponential growth in the volume of [ESI]. Federal circuits have established significantly different standards for imposing sanctions or curative measures on parties who fail to preserve electronically stored information. These developments have caused litigants to expend excessive effort and money on preservation in order to avoid the risk of severe sanctions if a court finds they did not do enough.

> New Rule 37(e) replaces the 2006 rule. It authorizes and specifies measures a court may employ if information that should have been preserved is lost, and specifies the findings necessary to justify these measures. It therefore forecloses reliance on inherent authority or state law to determine when certain measures should be used.

Fed. R. Civ. P. 37 Advisory Committee Notes to the 2015 Amendment.

does not appear to be any controlling United States Supreme Court or Ninth Circuit authority on point. However, the plain language of Rule 37(e), the comments to the 2015 amendment, and other secondary sources are instructive.

The text of Rule 37(e)(2) provides specific, harsh sanctions a court may impose only if ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it" and the court finds that "the party acted *with the intent to deprive another party of the information's use* . . . ." Fed. R. Civ. P. 37(e)(2) (emphasis added). In other words, the plain text of Rule 37(e)(2) addresses what sanctions a court may impose when a party *intentionally* loses or destroys ESI.

The comments support this interpretation. In essence, the comments provide that the sanctions permitted under subsection (e)(2) can only be imposed when ESI was intentionally destroyed. Discussing one of the sanctions permitted under subsection (e)(2), adverse inference instructions, the comments explain that such instructions

> were developed on the premise that a party's *intentional loss or destruction* of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have. The better rule for the negligent or grossly negligent loss of electronically stored information is to preserve a broad range of measures to cure prejudice caused by its loss, but to limit the most severe measures to instances of *intentional loss or destruction*.

Fed. R. Civ. P. 37 Advisory Committee Notes to the 2015 Amendment (emphasis added). These comments further demonstrate that Rule 37(e) is applicable when ESI is intentionally destroyed.

The Handbook of Federal Civil Discovery and Disclosure further supports this conclusion. It provides that after the 2015 amendments, Rule 37(e) "covers both unintentional and intentional spoliation of ESI." § 12:16, Failure to produce electronically stored information, Handbook Fed. Civ. Disc. & Disclosure § 12:16 (4th ed.).

Based on all this authority, the Court is persuaded that Rule 37(e) governs whether spoliation sanctions should be imposed for Plaintiff's alleged intentional destruction of ESI. Because Defendant has not briefed the issue of imposing sanctions under Rule 37(e), the Court will not engage in a Rule 37(e)-analysis. The Court will, instead, deny Defendant's motion without prejudice.

Defendant may refile its motion for sanctions under Rule 37(e), if it believes it can appropriately do so. However, Defendant is advised that if it refiles its motion, in addition to discussing all the other requirements of Rule 37(e), it should pay particular attention to the issue of whether the information has truly been "lost" and cannot be restored or replaced through additional discovery. Without pre-judging the issue, the Court notes that it has serious concerns about whether these requirements are met, given that (1) the originals of the edited posts are still available; (2) Defendant did not discuss what other attempts it made to discover altered social media posts (e.g., subpoenaing records from Facebook);[2] and (3) Defendant's assertions that there may be other altered posts seems purely speculative on the record before the Court.[3]

Finally, the Court notes that there was argument from both parties about Plaintiff's alleged failure to produce the original, unedited posts in discovery. On this score, Defendant stated in its reply brief that sanctions under Rule 37(c) would also be appropriate here. ECF No. 288 at 10. As imposing sanctions under Rule 37(c) was also not fully briefed, the Court will not address it in this order. However, Defendant is not prohibited from filing an appropriate motion for sanctions under Rule 37(c), if it has a valid basis for doing so.

IT IS THEREFORE ORDERED that Plaintiff's motion to strike (ECF No. 290) is DENIED.

---

[2] *See Chinitz v. Intero Real Estate Servs.*, No. 18-CV-05623-BLF, 2020 WL 7389417, at *3 (N.D. Cal. May 13, 2020) ("The Facebook videos and posts qualify as ESI, and Intero clearly failed to take reasonable steps to preserve the ESI because it removed the Facebook Videos and Posts from its Facebook page during the middle of litigation . . . Plaintiff, however, has failed to show that the Facebook Videos and Posts have been 'lost.' That is, Plaintiff has not shown that the missing video and posts 'cannot be restored or replaced through additional discovery.' Fed. R. Civ. P. 37(e). Indeed, there is no evidence in the record that Plaintiff tried to obtain the Facebook Videos and Posts from Facebook directly through additional discovery.").

[3] *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015) (affirming denial of spoliation sanctions, in part, because remaining claims of spoliation were speculative).

IT IS FURTHER ORDERED that Defendant's motion for spoliation sanctions (ECF No. 188) is DENIED without prejudice.

DATED: March 5, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE