**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Snap Lock Industries, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Swisstrax Corporation, <br><br> Defendant. | Case No. 2:17-cv-02742-RFB-BNW <br><br> **ORDER** |

Before the Court are several motions to seal by Plaintiff Snap Lock Industries and Defendant Swisstrax Corporation. This Court applies the caselaw below to each of the motions addressed in this order.

**I.     Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

### A. Swisstrax's Motion to Seal Two Pages of Randy Nelson's Deposition (ECF No. 326)

Swisstrax moves to seal two pages in Randy Nelson's deposition transcript (attached to Snap Lock's declaration filed in opposition to Swisstrax's partial motion for summary judgment). *See* ECF Nos. 230, 268. These two pages are part of a transcript currently under seal at ECF No. 271-1. No opposition has been filed.

Because these documents are attached to a dispositive motion, the Court applies the compelling reason standard. Here, the Court finds that Swisstrax made specific factual showings

demonstrating compelling reasons exist to seal the pages at issue in Randy Nelson's deposition transcript. These pages contain commercially sensitive information that could hurt Swisstrax's competitive standing unless they are sealed. *See Selling Source, LLC v. Red River Ventures*, 2011 WL 1630338 * 6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process."); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" is a compelling reason to seal); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (harm to party's competitive standing is a "compelling reason" sufficient to seal business information). As a result, these two pages may remain sealed.

On March 23, 2020, this Court ruled on the propriety of certain exhibits remaining sealed with respect to Snap Lock's Motion at ECF No. 270. *See* ECF No. 320 (minutes of proceeding), ECF No. 342 at 9-12 (transcript of proceedings). During that proceeding, the Court ordered Snap Lock to re-file certain exhibits but agreed to provide Swisstrax an opportunity to explain why certain other pages might need to remain sealed. Swisstrax has now explained why pages 160 and 164, which are part of the exhibits discussed on March 23, 2020, need to remain sealed. As a result, the Court orders Snap Lock to comply with this Court's March 23, 2020 order by August 30, 2021 and incorporate this ruling prior to filing any of the exhibits discussed on the record.

**B.    Snap Lock's Motion to Seal Unredacted Motion to Dismiss for Lack of Standing Sufficient to Establish Subject Matter Jurisdiction and Exhibit 3 to Declaration (ECF No. 331)**

Snap Lock seeks to seal the unredacted version of its Motion to Dismiss for Lack of Standing Sufficient to Establish Subject Matter Jurisdiction (currently sealed at ECF No. 332) and Exhibit 3 to the declaration supporting that motion (currently sealed at ECF No. 332-1). ECF No. 331. Snap Lock explains that its request arises out of the protective order governing the case. *Id*. Snap Lock does not have an opposition to sealing these documents, but correctly points out that the burden to maintain these documents under seal rests with Swisstrax. *Id.*

Given the motion and exhibit in question relate to a dispositive motion, Swisstrax must meet the compelling reasons standard. The Court finds that, in its response, Swisstrax made specific factual showings demonstrating compelling reasons for this document to remain sealed. ECF No. 346. This Court first notes that while the unredacted motion to dismiss is sealed at ECF No. 332, there is an unsealed version which contains only a one-line redaction pertaining to the purchase agreement in question. The Court agrees that the Asset Purchase Agreement contains sensitive business and financial information that may cause competitive harm if unsealed. *See Nixon,* 435 U.S. at 598; *Ctr. For Auto Safety*, 809 F.3d at 1097. As a result, the Court grants the request to maintain the unredacted version of this motion under seal.

  **C.** **Snap Lock's Motion to Seal Unredacted Version of its Motion to Exclude Testimony of Gregory A. Pinsonneault and Exhibits A and B to that Motion (ECF No. 334)**

Snap Lock seeks to seal the unredacted version of its Motion to Exclude the Expert Testimony of Gregory A. Pinsonneault (currently sealed at ECF No. 335) and Exhibits A and B to that motion (currently sealed at ECF Nos. 335-1 and 335-2). ECF No. 334. Given this motion is neither dispositive nor more than tangentially related to the merits of the case, Snap Lock must meet the good cause standard.

In its response, Swisstrax agrees that the unredacted motion and Exhibit B should be sealed but correctly points out that the burden to seal these documents rests with Snap Lock.

Here, the Court finds that Snap Lock met its burden to show that the documents identified above contain financial information about Snap Lock (e.g., revenues, growth rates, and number of units sold) such that Snap Lock's competitive standing could be harmed by unsealing these documents. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (recognizing companies "have an interest in keeping their detailed product-specific financial information secret"); *see also Nixon,* 435 U.S. at 598; *Ctr. for Auto Safety,* 809 F.3d at 1097. As a result, the Court grants this motion.

  **D.** **Snap Lock's Motion to Seal Unredacted Version of its Motion to Revisit Summary Judgment Re No Secondary Meaning of Swisstrax's Alleged Diamondtread Mark (ECF No. 337)**

Snap Lock seeks to seal the unredacted version of its Motion to Revisit Summary Judgment (currently sealed at ECF No. 338). ECF No. 337. Snap Lock explains that its request arises out of the protective order governing the case. *Id*. Snap Lock correctly points out that the burden to maintain these documents under seal rests with Swisstrax. *Id.*

Given the motion in question is dispositive in nature, Swisstrax must meet the compelling reasons standard. The Court finds that, in its response, Swisstrax made specific factual showings demonstrating compelling reasons exist to seal these documents. ECF No. 348. The unredacted document contains deposition testimony from Swisstrax CEO Randy Nelson and officer Jesse Stolp regarding sensitive business and financial information, including Swisstrax's advertising expenditures and marketing strategies that may cause competitive harm if unsealed. *See Selling Source*, 2011 WL 1630338 * 6; *Nixon*, 435 U.S. at 598; *Ctr. For Auto Safety,* 809 F.3d at 1097. As a result, the Court grants this motion.

### E. Swisstrax's Motion to Seal its Unredacted Opposition to Snap Lock's Motion to Exclude Expert Testimony of Gregory A. Pinsonneault and Specific Exhibits (ECF No. 353)

Swisstrax seeks to seal its unredacted opposition to Snap Lock's Motion to Exclude Testimony and certain accompanying exhibits (currently under seal at ECF No. 354). ECF No. 353. Swisstrax correctly points out that the burden to seal these documents rests with Snap Lock. *Id.* Swisstrax also represents that the Court previously granted the request to seal Exhibit D (at ECF No. 218). *Id.*

Given the motion in question is not dispositive in nature, or more than tangentially related to the merits of the case, Snap Lock must show good cause to seal these documents. Snap Lock met its burden in its response. ECF No. 360.

Exhibit A contains excerpts from the 30(b)(6) deposition of Jorgen Moller (currently sealed at ECF No. 354-1). The Court agrees with Snap Lock that this exhibit contains confidential and proprietary information related to Snap Lock's online marketing strategy. As a result, there is good cause to seal this exhibit. *See Nixon,* 435 U.S. at 598; *Ctr. For Auto Safety*, 809 F.3d at 1097.

Exhibit C contains excerpts from the 30(b)(6) deposition of Kerry Moller (currently sealed at ECF No. 354-2). This exhibit contains Snap Lock's confidential and proprietary information related to the marketing and sales of Snap Lock's products and Snap Lock's marketing and business partners. The Court agrees that Snap Lock would suffer competitive harm if this information were unsealed. Thus, good cause exists to keep this exhibit sealed. *See Nixon,* 435 U.S. at 598; *Ctr. For Auto Safety,* 809 F.3d at 1097.

Exhibits D and E contain excerpts from the deposition of Gregory Pinsonnault (currently sealed at ECF Nos. 354-3 and 354-4). The Court previously addressed the propriety of sealing this document at ECF No. 218 and will again order that the document remain sealed.

The opposition itself, which is redacted at ECF No. 351, quotes these exhibits. Given the analysis above, Snap Lock has shown good cause to seal the opposition and the exhibits.

**F.    Snap Lock's Motion to Seal an Unredacted Version of its Motion to Deem Swisstrax's Judicial Admissions Conclusively Established and Exhibits 5-8 and 11-12 (ECF No. 362)**

Snap Lock seeks to seal the unredacted version of its Motion to Deem Judicial Admissions Conclusively Established and Exhibits 5-8 and 11-12 to that motion (currently sealed at ECF No. 363). ECF No. 362. Snap Lock explains that its request arises out of the protective order governing this case. *Id*. Snap Lock correctly points out that the burden to seal these documents rests with Swisstrax. *Id.*

Given the motion in question is not dispositive or more than tangentially related to the merits of the case, Swisstrax must meet the good cause standard. Swisstrax met its burden in its response. ECF No. 372.

Exhibit 5 contains sensitive advertising and marketing information that may cause competitive harm if unsealed. Namely, the Google Ad report reveals several references to Swisstrax's internal marketing efforts and strategies, advertising numbers, and competitor information. *See Aevoe Corp. v. AE Tech. Co*., 2013 WL 2302310, at * 1 (D. Nev. May 24, 2013).

Exhibit 6 contains an excerpt from an email communication between Swisstrax and its marketing company, as they were developing a marketing strategy, which includes a listing of companies Swisstrax deemed to be competitors at the time. The communication is confidential

and contains business strategies that may cause competitive harm if unsealed. *See Aevoe Corp.*, 2013 WL 2302310, at *1.

Exhibit 7 contains excerpts from the 30(b)(6) deposition testimony of Swisstrax (Randy Nelson was the designee). The deposition transcript contains testimony regarding sensitive and confidential business and financial information, including Swisstrax's advertising expenditures and marketing strategies that may cause competitive harm if unsealed. *See Aevoe Corp.*, 2013 WL 2302310, at *1; *F.T.C. v. Johnson*, 2013 WL 2460359, at *2.

Exhibit 8 contains an email string between Swisstrax and its marketing company discussing online marketing strategies, which includes a confidential discussion regarding Big Floors, and may cause competitive harm if unsealed. *Razaghi v. Razaghi*, 2018 WL 5045200, at *1 (D. Nev. Oct. 17, 2018); *Aevoe Corp.*, 2013 WL 2302310, at *2.

Exhibit 11 contains a Google Ad report that identifies highly confidential information about an online advertising campaign, which would cause competitive harm to Swisstrax if unsealed. *See Aevoe Corp.*, 2013 WL 2302310, at *2.

Exhibit 12 contains excerpts from Swisstrax's 30(b)(6) deposition transcript (Jesse Stolp was the designee). This deposition transcript contains sensitive testimony about advertising expenditures and marketing strategies that courts throughout this district have found may cause competitive harm if unsealed. *See Aevoe Corp*, 2013 WL 2302310, at *2; *F.T.C. v. Johnson*, 2013 WL 2460359, at * 2 (D. Nev. June 6, 2013).

The unredacted version of Snap Lock's Motion to Deem Swisstrax's Judicial Admissions as Conclusively Established quotes the exhibits discussed above (which contain sensitive business information, advertising expenditures, confidential financial information, and marketing strategies that may cause competitive harm if unsealed).

Accordingly, the Court finds that Snap Lock has shown good cause to seal the motion and the exhibits.

**G.    Snap Lock's Motion to Seal its Unredacted Reply in Support of its Motion to Dismiss for Lack of Standing Sufficient to Establish Subject Matter Jurisdiction (ECF No. 365)**

1   Snap Lock seeks to seal its unredacted reply in support of its Motion to
2   Dismiss for Lack of Standing Sufficient to Establish Subject Matter Jurisdiction. ECF No. 365.
3   Snap Lock explains that its request arises out of the protective order governing this case. *Id*.
4   Although Snap Lock has no opposition to sealing this document, it correctly points out that the
5   burden to seal this document rests with Swisstrax. *Id.*

6   Given the reply in question pertains to a dispositive motion, Swisstrax must meet the
7   compelling reasons standard. The Court finds that, in its response, Swisstrax made specific
8   factual showings demonstrating compelling reasons exist to seal this document. ECF No. 373.

9   The reply in question quotes from several portions from the Asset Purchase Agreement
10  ("APA"). The APA contains sensitive business and financial information, including the specific
11  terms and conditions of the asset purchase sale. If this document was unsealed, it could cause
12  competitive harm to Swisstrax. Courts in this district hold that disclosure of such confidential and
13  sensitive business information could cause great harm to the disclosing party and, therefore, deem
14  it a compelling reason to seal documents containing this information. *See Mayorga v. Ronaldo*,
15  2019 WL 3459230, at *1 (D. Nev. July 31, 2019) (sealing direct quotes from an agreement
16  containing sensitive and confidential information); *Desert Palace, Inc. v. Michael*, 2017 WL
17  376146, at *1 (D. Nev. Jan. 24, 2017) (sealing citations and direct quotes from confidential
18  documents). Additionally, the APA has already been the subject of several motions to seal, all of
19  which the Court previously granted (e.g., ECF No. 218).

20  Given the analysis above, the Court grants this motion.

21  **H.   Snap Lock's Motion to File under Seal its Unredacted Reply in Support of its Motion to Exclude the Expert Testimony of Gregory Pinsonneault (ECF No. 368)**
22

23  Snap Lock requests that its unredacted reply in support of its Motion to Exclude the Expert
24  Testimony of Gregory Pinsonneault remain sealed. ECF No. 368. No opposition was filed.

25  Given this motion does not pertain to a dispositive matter and is not more than
26  tangentially related to the merits of the case, Snap Lock must meet the good cause standard. The
27  Court finds that Snap Lock met this standard. Snap Lock's Reply contains revenue information
28  for the sales of its products, which may harm Snap Lock's competitive standing if not sealed.

Courts commonly seal financial information that is otherwise kept confidential. *See, e.g.*, *Apple, Inc*, 727 F.3d at 1214; *Nixon*, 435 U.S. at 598; *Ctr. for Auto Safety*, 809 F.3d at 1097.

Given the analysis above, the court grants this motion.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Swisstrax's motion at ECF No. 326 is **GRANTED**.

**IT IS FURTHER ORDERED** that Snap Lock shall comply with this order as it relates to ECF No. 326 by August 30, 2021.

**IT IS FURTHER ORDERED** that Snap Lock's motion at ECF No. 331 is **GRANTED**.

**IT IS FURTHER ORDERED** that Snap Lock's motion at ECF No. 334 is **GRANTED**.

**IT IS FURTHER ORDERED** that Snap Lock's motion at ECF No. 337 is **GRANTED**.

**IT IS FURTHER ORDERED** that Swisstrax's motion at ECF No. 353 is **GRANTED**.

**IT IS FURTHER ORDERED** that Snap Lock's motion at ECF No. 362 is **GRANTED**.

**IT IS FURTHER ORDERED** that Snap Lock's motion at ECF No. 365 is **GRANTED**.

**IT IS FURTHER ORDERED** that Snap Lock's motion at ECF No. 368 is **GRANTED**.

DATED: July 21, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE